IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL JEFFREY BLAUSER,     )
                                       )
             Plaintiff,       )      Civil Action No. 2:23-cv-2028
                                         )
       v.                       )
                                         )      Magistrate Judge Patricia L. Dodge
CALEB QUIMBY,             )
                                       )
             Defendant.     )

**MEMORANDUM OPINION**

Plaintiff Michael Jeffrey Blauser, a prisoner in the Mercer County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Caleb Quimby, a corrections officer at the Mercer County Jail. In his Complaint, Blauser asserts a claim for cruel and unusual punishment in violation of his rights under the Eighth Amendment.

Pending before the Court[1] is Quimby's Motion to Dismiss and/or Motion for a More Definite Statement. (ECF No. 17.) For the reasons that follow, these motions will be denied.

**I.**     **Procedural History**

Plaintiff's Complaint was received in November 2023. After he corrected certain procedural deficiencies, his Complaint was docketed on December 22, 2023. (ECF No. 7). Quimby filed the instant motions and a supporting brief in support on March 7, 2024. (ECF Nos. 17 and 18). Blauser did not file a formal response in opposition but did submit a letter to the Court explaining that he

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

has difficulty writing and spelling and asking the Court to consider not dismissing this case on that basis. (ECF No. 25.)[2]

## II.    <u>Factual Allegations in Complaint</u>

Blauser alleges that on December 26, 2022, he got into a fight with his cellmate. (ECF No. 7 at 12.) A corrections officer handcuffed Blauser behind his back and moved him to a different cell. (*Id.*) At that time, Blauser told the officer that he needed to "chill" for a while before having the handcuffs removed. (*Id.*)

Later, C.O. Quimby came to the cell to uncuff Blauser. (*Id.* at 12-13.) Quimby called Blauser a "crybaby," and Blauser responded by calling Quimby a "scumbag." (*Id.* at 13.)[3] Quimby then took Blauser by the handcuffs and "bang[ed] [him] off the toilet." (*Id.*) Blauser's head hit the bed frame, resulting in a wound that required stitches. (*Id.* at 5, 13.) Further, his arm was broken, requiring surgery for the injury. (*Id.*).

## III.    <u>Legal Standards</u>

### A.    <u>Motion to Dismiss</u>

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the

---

[2] Because of the basis for their denial, Quimby's motions must be denied despite the lack of a substantive response from Blauser.

[3] It is unclear if Blauser's Complaint uses the word "scumbag" or "cumbag."

complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

The Supreme Court has stated that "the allegations of [a] *pro se* complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted). However, factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

B.    Motion for a More Definite Statement

Under Fed. R. Civ. Pro. 12(e), a party may move for a more definite statement of a pleading to a response is required if the pleading is so vague or ambiguous that the party cannot reasonably respond. The motion must be made before a responsive pleading is filed and must point out the defects complained of and the details desired.

A motion for a more definite statement is not a substitute for the discovery process, and such motions are not favored. *Hadek Protective Sys. B.V. v. Ergon Ashphalt & Emulsions, Inc.*, 2023 WL 7002567, at * (W.D. Pa. Oct. 24, 2023) (citations omitted). They typically are granted only when pleadings are "unintelligible or if it is virtually impossible for the opposing party to craft a responsive pleading." *Id.*

IV.    **Discussion**

    A.    Motion to Dismiss

Quimby moves to dismiss the claim against him on the basis that Blauser failed to exhaust his administrative remedies. (ECF No. 17 ¶¶ 11-36.)

In his Complaint, Quimby checked a box indicating that he did not file a grievance concerning the relevant incident. (ECF No. 7 at 7.) He cites his inability to "spell well" as the reason for his failure to file a grievance. (*Id.* at 8.) He states, however, that he did inform the warden. (*Id.* at 6, 8.)

The Prison Litigation Reform Act ("PLRA") provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)(a). The Supreme Court has held that prisoners must exhaust their administrative remedies prior to bringing suit. *Woodford v. Ngo*, 548 U.S. 81 (2006). The Court has further held that the PLRA requires "proper exhaustion," that is, exhaustion as set forth in the procedures described. *Id.*

Failure to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As such, the defendant has the burden of pleading and proving that the prisoner failed to exhaust available administrative remedies. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002). Importantly, the prison's grievance policy is what "define[s] the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218; *Spruill v. Gillis*, 372 F.3d 218, 230-31 (3d Cir. 2004) ("prison grievance procedures supply the yardstick for measuring procedural default."). Thus, the procedural requirements for exhaustion in a given case "are drawn from the

policies of the prison in question rather than from any free-standing federal law." *Shifflett v. Korszniak*, 934 F.3d 356, 364 (3d Cir. 2019) (citing *Spruill*, 372 F.3d at 231).

In support of his motion, Quimby cites to the Mercer County Jail Inmate Handbook as well as the Standard Operating Procedures for Inmate Grievances. While Quimby states that both documents are attached to the brief in support of his motion (ECF No. 18 at 5-6), neither document was provided.  Without these documents, the Court cannot define the boundaries to measure proper exhaustion.[4] Therefore, at this juncture, Quimby has not met his burden to prove that Blauser failed to exhaust the required and available administrative remedies. As a result, the motion to dismiss will be denied.

This defense may be renewed, as appropriate, based on a complete record.

B.      Motion for a More Definite Statement

In support of his Motion for a More Definite Statement, Quimby asserts that "the two-page narrative of [Blauser's] Complaint in particular is meandering, repetitive, and confusing. Mr. Blauser should be required to file an Amended Complaint with more detailed allegations, set out in a logical sequence, so as to afford CO Quimby a fair opportunity to respond to what he stands accused of and to begin preparing a defense to the same." (*Id.* at 8.)

While not the model of clarity, the Court concludes that Blauser's *pro se* Complaint is not so vague or ambiguous that a response cannot be made to its allegations. Indeed, Quimby summarizes its relevant allegations as follows:

> … [H]e appears to recount an altercation with his cellmate, which required CO Quimby (and others) to intervene. Mr. Blauser alleges that he was handcuffed and

---

[4] To be clear, the Court understands that the omission was merely an oversight and these documents can be supplied as part of a full record. The Court did not request these documents because even if they had been supplied, Quimby's motion must be denied because issues of fact remain unresolved, including what Blauser may have communicated to the warden and whether the grievance process was available to him.

moved to a different cell. Thereafter, at Mr. Blauser's request, CO Quimby
approached to unlock and remove the handcuffs. However, Mr. Blauser alleges that
CO Quimby called him a "crybaby" and that he responded by calling CO Quimby
a "scumbag." CO Quimby then allegedly took Mr. Blauser by the handcuffs the
"bang[ed]" him off of the toilet, causing him to "bounce" and then hit his head on
a bunk frame. Mr. Blauser was taken to a local hospital, where x-rays revealed a
broken arm. He also sustained a laceration on his head requiring stitches. Mr.
Blauser asserts that CO Quimby employed "cruel and unusual punishment" in
violation of his civil rights and brings this action pursuant to 42 U.S.C. § 1983.

(*Id.* at 2) (citations to Complaint omitted.)

These allegations are sufficient to frame a responsive pleading. The Complaint's relevant

allegations concern a single interaction between Blauser and Quimby during which the parties

exchanged words. According to Blauser, Quimby then allegedly used force while Blauser was

handcuffed, resulting in Blauser sustaining injuries. Having demonstrated through his summary an

adequate understanding of the allegations of the Complaint, Quimby can file a responsive pleading.

Accordingly, his Motion for a More Definite Statement will also be denied.

An appropriate Order follows.


Dated:  August 1, 2024                              /s/ Patricia L. Dodge
                                                    PATRICIA L. DODGE
                                                    United States Magistrate Judge