## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL JEFFREY BLAUSER,      )
          )
          Plaintiff,        )     Civil Action No. 2:23-cv-2028
          )
          v.           )
          )     Magistrate Judge Patricia L. Dodge
CALEB QUIMBY,           )
          )
          Defendant.     )

### MEMORANDUM OPINION[1]

Plaintiff Michael Jeffrey Blauser ("Blauser"), a former inmate lodged in the Mercer County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Caleb Quimby ("Quimby"), a corrections officer at the Mercer County Jail. He asserts a claim for cruel and unusual punishment in violation of his rights under the Eighth Amendment.

Pending before the Court is Quimby's Motion for Summary Judgment. (ECF No. 48.) For the reasons that follow, his motion will be granted.

## I. Procedural History

Blauser's Complaint was received by the Clerk of Court in November 2023. After he corrected certain procedural deficiencies, his Complaint was docketed on December 22, 2023. (ECF No. 7). Quimby then filed a Motion to Dismiss and/or Motion for a More Definite Statement (ECF No. 17), both of which were denied. (ECF No. 31.)

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

After the close of discovery, Quimby filed a Motion for Summary Judgment, a Brief in Support, a Concise Statement of Material Facts, and Exhibits. (ECF Nos. 48-51.) Blauser filed a Response. (ECF No. 55.) Thus, Quimby's motion is ripe for review.

## II. <u>Factual Background</u>[2]

### A. The Underlying Incident

On December 26, 2022, Blauser and his cellmate engaged in an altercation that required intervention from corrections officers. (ECF No. 50 ¶ 3.) Blauser was handcuffed following the incident and placed in another cell. (*Id.* ¶ 4.) Officers were unable to remove the handcuffs in the new cell due to Blauser's combative nature. (*Id.* ¶ 5.) Quimby approached the cell several minutes later and, although Blauser stated that he was calm, he charged at Quimby when the cell door opened. (*Id.* ¶¶ 6-7.) Quimby blocked Blauser with his arms and pushed him to the center of the cell so he could close the cell door. (*Id.* ¶ 8.) Blauser stumbled and fell before immediately jumping up and charging Quimby again. (*Id.* ¶ 9.) Quimby then closed the cell door. (*Id.* ¶ 10.)

Following these incidents, Blauser was found to have a laceration on his head and a broken arm. (*Id.* ¶ 11.) An investigation was conducted into the incident in which it was determined that only passive restraint techniques and action to repel Blauser were used when he lunged towards officers. (*Id.* ¶ 27.)

### B. The Grievance Process

At the time of the incident, the Mercer County Jail had a written policy that governed the submission and review of inmate grievances (the "Policy"). (ECF No. 50 ¶ 12; ECF No. 50-5.) Section III(h) of the Policy provides that all grievances must be made in writing on an "Inmate

---

[2] The factual background is derived from Quimby's Concise Statement of Material Facts. (ECF No. 50.) Blauser has not disputed these facts.

Grievance Form" and placed in the grievance box located in each housing unit or via electronic grievance through the Inmate Kiosk. (ECF No. 50 ¶ 13; ECF No. 50-5 at 2.) The Inmate Handbook that was distributed to all inmates also explains the grievance process. (ECF No. 50-6 at 43-44.)

Blauser had access to the Inmate Request Forms and the Kiosk System through which to file a grievance. (ECF No. 50-7 at ¶ 11.) However, he did not file any grievances related to the incident on December 26, 2021. (ECF No. 50-7 ¶ 7; ECF No. 50-8 ¶ 7.) In his Complaint, Blauser admits that the Mercer County Jail had a grievance procedure at the time of the incident, but he did not file a grievance. (ECF No. 7 at 6-7.)[3] He states in the Complaint that he did not do so because "I don't spell well." (*Id.* at 8.) Instead, he only spoke to the Warden and his family, who advised him to file a lawsuit. (*Id.*) He did not allege in his Complaint or in his response to Quimby's motion for summary judgment that the grievance process was unavailable to him or that he did not understand the procedures.

## III.   **Legal Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine, material dispute and an entitlement to judgment. *Id.* at 323. This showing does not necessarily require the moving party to disprove the opponent's claims. Instead, this

---

[3] Blauser used the Pro Se Complaint for Violation of Civil Rights (Prisoner) that includes questions regarding the exhaustion of administrative remedies.

3

burden may often be discharged simply by pointing out for the court an absence of evidence in support of the non-moving party's claims. *Id.*

Once the moving party has met their initial burden, then the burden shifts to the non-moving party to demonstrate, by affidavit or other evidence, "specific facts showing that there is a genuine issue for trial," or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A non-moving party must "go beyond the pleadings" and show probative evidence creating a triable controversy. *Celotex*, 477 U.S. at 324. An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In following this directive, a court must take the facts in the light most favorable to the non-moving party and must draw all reasonable inferences and resolve all doubts in that party's favor. *Hugh v. Butler Cty. Fam. YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

Courts must hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the summary judgment stage, however, a *pro se* plaintiff is not exempt from his burden of providing some affirmative evidence, not just mere allegations, to show that there is a genuine dispute for trial. *See, e.g.*, *Barnett v. NJ Transit Corp.*, 573 Fed. Appx. 239, 243 (3d Cir. 2014) (holding that the *pro se* plaintiff was still "required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories . . . sufficient to convince a reasonable fact finder to find all the elements of her prima facie case") (citation and quotation omitted); *Siluk v. Beard*, 395 Fed. Appx. 817, 820 (3d Cir. 2010) ("[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law."); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.

4

2013) (*pro se* plaintiffs "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.")

IV.    **Discussion**

Quimby argues that he in entitled to summary judgment because Blauser failed to exhaust his administrative remedies. (ECF No. 49 at 4-8.)

The Prison Litigation Reform Act ("PLRA") provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)(a). The Supreme Court has held that prisoners must exhaust their administrative remedies before bringing suit. *Woodford v. Ngo*, 548 U.S. 81 (2006). The PLRA's mandatory exhaustion requirement means not only that a complaint filed before administrative remedies are exhausted is premature and cannot be entertained, but also that a failure to exhaust administrative remedies in accordance with a prison's grievance procedures constitutes procedural default. That is so because "the PLRA's exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93-95; *see also Spruill v. Gillis*, 372 F.3d 218, 227-30 (3d Cir. 2004).

Importantly, the prison's grievance policy is what "define[s] the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Spruill*, 372 F.3d at 231 ("prison grievance procedures supply the yardstick for measuring procedural default."). Thus, the procedural requirements for exhaustion in a given case are drawn from the policies of the prison in question rather than from any free-standing federal law. *Shifflett v. Korszniak*, 934 F.3d 356, 364 (3d Cir. 2019) (citing *Spruill*, 372 F.3d at 231).

Failure to exhaust available administrative remedies is an affirmative defense. *Jones,* 549 U.S. at 216. As a result, the defendant has the burden of pleading and proving that a prisoner failed to exhaust available administrative remedies. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

It is undisputed that at all relevant times, the Mercer County Jail had a written grievance policy. It is uncontroverted that Blauser had access to the mechanisms by which to grieve the incident and failed to use them. As he admits, and as supported by the uncontroverted facts of record, Blauser did not employ the procedures in the Policy by filing a grievance regarding the incident described in the Complaint. Further, there are no genuine issues of material fact that would otherwise support a conclusion that the grievance process was unavailable to him or that he did not understand the process.

Quimby has met his burden to establish that Blauser failed to exhaust the available administrative remedies for inmates in the Mercer County Jail. As a result, Blauser's claim is procedurally defaulted, which precludes him from pursuing his claim. Thus, Quimby is entitled to judgment as a matter of law and his motion for summary judgment will be granted.

An appropriate Order follows.


Dated: October 17, 2025                         /s/ Patricia L. Dodge
                                                PATRICIA L. DODGE
                                                United States Magistrate Judge